### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

ISAIAH WILSON,                               *

          Plaintiff,                  *

          v.                          *          Civil Action No. AW-04-3922

PRINCE GEORGE'S COUNTY, MD,                  *

          Defendants.                 *
                          *****

### MEMORANDUM OPINION

This action involves a wrongful death claim brought by Isaiah Wilson ("Wilson" or "Plaintiff") against Prince George's County, Maryland ("PGCM" or "the County") and Lance James Courson ("Courson") (collectively, "Defendants"). Currently pending before the Court is Defendants' Motion to Dismiss [7]. The Court heard from all parties in this action at a hearing on September 30, 2005. For the reasons stated below, the Court will grant Defendants' Motion to Dismiss with respect to PGCM, but will deny Defendants' motion with respect to Courson.

### FACTUAL & PROCEDURAL BACKGROUND

On December 13, 2004, Plaintiff filed his Complaint, alleging negligent use of force, deprivation of civil rights, negligent supervision, and claims pursuant to the Survival Act concerning the December 12, 2001 death of Gary N. Wilson ("Wilson" or "Deceased"). On December 17, 2004, the Clerk of the Court issued a summons as to Defendants. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of process was due by April 12, 2005, 120 days after Plaintiff filed his Complaint. Plaintiff served PGCM on April 14, 2005 and Courson on April 21, 2005.

On May 2, 2005, Defendants filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(5), arguing that Plaintiff's service of process was defective in that it

was not performed within 120 days of the filing of the Complaint.

In his opposition to the motion to dismiss, Plaintiff stated that he missed the deadline for service of process for multiple reasons. First, Plaintiff states that his attorney's office moved after the Complaint was filed and that in the process of the move, an administrator wrote down the wrong service deadline, using the date the summons was issued (December 17, 2004) rather than the date the Complaint was filed (December 14, 2004). Second, Plaintiff claims that he delayed serving PGCM because he believed that once he served the County, Defendant Courson might attempt to evade service. Third, Plaintiff contends that he attempted to serve Courson at least once unsuccessfully. Finally, he states that he contacted Prince George's County Police Department to obtain Courson's location and a representative of the Department gave him inaccurate information.

At the September 30th hearing, Defendants' attorney stated that he had no specific information inconsistent with Plaintiff's representations and could not refute Plaintiff's account of these events. Nevertheless, Defendants argue that even if these events are true, this Court must dismiss Plaintiff's suit because he has not shown "excusable neglect" for this delay.[1]

## STANDARD OF REVIEW

A court may grant a motion to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure based on insufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). To effectuate service, a plaintiff must comport with the requirements of the Federal Rules of Civil Procedure Rule 4. *See* Fed. R. Civ. P. 4(c). If a defendant claims service is defective, the defendant must raise this objection in the first responsive pleading. *See* Fed. R. Civ. P. 12; *Pusey v. Dallas Corp.*, 938 F.2d

---

[1] As noted in Section I, *infra*, this Court must decide whether Plaintiff's reasons for the delay constitute "good cause" not "excusable neglect."

2

498, 501 (4th Cir. 1991).  Once the defendant has challenged the sufficiency of service, the plaintiff

bears the burden of demonstrating that service of process has been accomplished in accordance with

Rule 4.  *See Carmini v. Royal Carribean Cruise Line, Inc*., 959 F.2d 1344, 1346 (5th Cir. 1992);

*Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 662 (D. Md. 1986); 4B Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure §1137 (3d ed. 2005).

In dismissing a cause of action due to the insufficiency of service of process, a court must

dismiss the case "without prejudice."  *See* Fed. R. Civ. P. Rule 4(m).  A dismissal "without

prejudice" gives the plaintiff the right to refile the complaint as if the original had never been filed,

but the new complaint will be subject to time defenses, such as the statute of limitations.  *See*

*Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995); *United States v. Brit*, 170 F.R.D. 8, 9 (D. Md.

1996).

## ANALYSIS

### I. Service of Process under Rule 4 of the Federal Rules of Civil Procedure

Rule 4 sets forth the general requirements for service under the Federal Rules of Civil

Procedure.  Subsection 4(m) concerns the proper timing for service and provides:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the court,
> upon motion or on its own initiative after notice to the plaintiff, shall
> dismiss the action without prejudice as to that defendant or direct that
> service be effected within a specified time; provided that if the
> plaintiff shows good cause for the failure, the court shall extend the
> time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  In this case, Plaintiff does not dispute that he failed to effect service upon

PGCM and Courson within the 120 days specified by Rule 4(m).

In addition if a party makes a motion for enlargement of time, Rule 6 gives the district court

discretion to extend the time for service and states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

Fed. R. Civ. P. 6(b).

At the hearing, the County argued that this Court should decide the instant motion under Rule 6(b) instead of under Rule 4(m). As courts have noted the concept for "excusable neglect" is elastic, and to determine whether a party has shown "excusable neglect," a court will consider equitable factors, such as the possibility of prejudice, the reason for the delay, and the absence of bad faith. *See United States v. Borromeo*, 945 F.2d 750, 753 (4th Cir. 1991); Charles Alan Wright & Arthur R. Miller, 4B Federal Practice and Procedure § 1165 (3d ed. 2005); *cf. Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391-92 (1993) (holding that "excusable neglect" as employed in the Federal Rules of Bankruptcy Procedure may include circumstances within the party's control such as inadvertence, ignorance of the rules, or mistake). In contrast, to establish "good cause," a party must demonstrate that it has made "reasonable, diligent efforts to effect service." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999). Because the standard for "excusable neglect" is lower than that for "good cause," the Fourth Circuit has made clear that "[w]hether the court acts before or after the deadline for service has passed . . . the court may only grant the extension [under Rule 4(m) or Rule 6(b)], for *good cause*." *Mendez,* 45 F.3d at 79 (emphasis added). Therefore, although Plaintiff makes this motion for enlargement under Rule 6(b), this Court still must analyze whether the service of process complies with Rule 4(m).

A. **The Court's Discretion under Rule 4(m)**

4

Plaintiff has argued that this Court should reject the motion to dismiss because: (1) he has shown good cause for the failure; or, alternatively, (2) even absent a showing of good cause, this Court should exercise its discretion to extend the time allowed for service.  As an initial matter, whether a court has discretion to extend the time allowed for service of process remains the subject of debate in this circuit.  *Compare Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288, 289-90 (D. Md. 2002) (holding that court has discretion to allow discretionary extensions of time for service of process); *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d at 527-28 (same); *Coates v. Shalala*, 914 F. Supp. 2d 110, 113 (D. Md. 1996) (same) *with Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1999) (holding that district courts have no discretion to grant motion for extension of time without "good cause").  In 1995, the Fourth Circuit in *Mendez v. Elliot*, interpreted Rule 4(m) to require a court to dismiss a plaintiff's complaint without prejudice when service of process does not occur within the specified time period unless the plaintiff shows "good cause."  *Mendez*, 45 F.3d at 80.

A year after *Mendez*, the Supreme Court decided *Henderson v. United States*, 517 U.S. 654 (1996).  In *Henderson*, the Supreme Court held that Rule 4's service of process provisions supersede the Suits in Admiralty Act provision that requires service on the United States be made "forthwith." *Id.* at 669-72.  In its discussion of Rule 4, the Supreme Court concluded that Rule 4(m) accords courts the discretion to enlarge the 120-day limit "even if there is no good cause shown." *Id.*  at 662-63 (quoting Advisory Committee Notes to Rule 4(m)).  Although this statement is technically dicta, courts have read *Henderson* as support for the proposition that district courts may grant discretionary time extensions under Rule 4(m) without a showing of good cause.  *See, e.g.*, *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288 (D. Md. 2002) (Nickerson, J.) (finding that court possessed

discretionary authority to enlarge time period even without showing of good cause); *Cruz v. Hampden County*, 1998 WL 812398, at *2 (D. Mass. November 6, 1998) (same). The Fourth Circuit, however, has not revisited this issue. As courts have pointed out, because the statement in *Henderson* is dicta, *Mendez* remains binding on Fourth Circuit courts.

### B. Standard for "Good Cause"

Assuming that *Mendez* remains good law, the Court must find that Plaintiff established good cause to grant a time extension. Although there is no bright line rule for establishing "good cause," courts have uniformly held that to find good cause, some unusual circumstance must have prevented timely service and that mere inadvertence or neglect of counsel to file in a timely fashion does not suffice. *See, e.g.*, *Hammad*, 31 F. Supp. 2d at 528 (holding that misunderstanding between attorney and client does not meet the standard for "good cause"); *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77-78 (D. Md. 1995) (holding that murder of plaintiff's daughter and negligence of plaintiff's attorney were not good cause); *Vincent v. Reynolds Memorial Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992) ("Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause."). For example, courts have found "good cause" existed for a delay in service of process in the following circumstances: the plaintiff attempted to serve defendant on multiple occasions unsuccessfully, *see Spencer v. Steinman*, 968 F. Supp. 1011 (E.D. Pa. 1997); the plaintiff had difficulty obtaining defendant's proper address, *see Motsinger v. Flynt*, 119 F.R.D. 373 (M.D.N.C. 1988) (defendant gave plaintiff and court wrong address); court personnel's error caused the delay, *see Davidson v. Weltman, Weinberg & Reis*, 285 F. Supp. 2d 1093 (S.D. Ohio 2003) (clerk's office error delayed issuance of summons and impeded service of process); and, the defendant evaded

service, *see Henry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997) (holding that Plaintiff demonstrated "good cause" where defendant evaded service); *Blessinger v. United States*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997) (same).  At the very least, "[g]ood cause encompasses reasonable diligent efforts to effect service on the defendants" *Burns & Russell Co. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 fn.9 (D. Md. 2001).

In addition to these circumstances, the drafters of Rule 4 have opined that "[r]elief may be justified . . . if the . . . statute of limitations would bar the refiled action."   Advisory Committee Notes to Fed. R. Civ. P. Rule 4(m).

II. **The Motion to Dismiss with Respect to PGCM**

Plaintiff concedes that he missed the deadline for service of process because he "erroneously calculated" the service deadline using the date the summons was issued (December 17, 2004) rather than the date the Complaint was filed (December 14, 2004).  The caselaw in this Circuit, however, establishes that an attorney's inadvertence does not constitute good cause.  *See, e.g.*, *Burns & Russell Co.*, 166 F. Supp. 2d at 439 (stating that an attorney's inadvertence or mistake does not qualify as "good cause"); *Motsinger*, 119 F.R.D. at 375 fn.2 (same); *Braithwaite*, 160 F.R.D. at 77.

Plaintiff's efforts to serve PGCM were not sufficiently diligent or reasonable as to constitute good cause within the meaning of Rule 4(m).  PGCM is a governmental entity, and Plaintiff could have served PGCM any workday by service on the County Attorney or his designee.  By his own admission, Plaintiff knew the County Attorney's address and had no evidence that the County Attorney would evade service.  Furthermore, Plaintiff waited until two days before what he believed was the expiration of the 120-day time period before attempting to serve PGCM with the Complaint.

To the extent that Plaintiff's failure to serve PGCM was a result of Plaintiff's own inattention, this Court does not find that Plaintiff has shown "good cause."

Plaintiff does not rest his argument for an extension solely on the fact he mistakenly calculated the service deadline, but claims that he waited to serve the County Attorney so that he could serve Courson first. Courts have held that a deliberate delay in service for strategic reasons does not constitute good cause. As the Ninth Circuit noted, an intentional delay is more inexcusable than an inadvertent delay in service. *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987) (ruling that plaintiffs failed to show "good cause" where plaintiffs intentionally delayed service to delay pretrial and discovery deadlines). Following this line of reasoning, the Tenth Circuit affirmed a bankruptcy court's ruling that pro se plaintiffs failed to show good cause for serving outside of the 120-day time period in the case *In re Kirkland*, 86 F.3d 172 (10th Cir. 1996). Although the *Kirkland* plaintiffs only missed the deadline for service by one day, the court determined that good cause did not exist where the record indicated that the plaintiffs waited until the last possible moment to serve the defendant for strategic and economic reasons. *Id.* at 175.

Although Plaintiff may have held the sincere belief that serving PGCM early would make service on Courson more difficult, courts have not accepted this type of excuse as "good cause." The deliberate failure to serve a defendant, whether for strategic or other reasons certainly seems more indefensible than attorney error. In addition, the recognition of "good cause" in this circumstance may have unwanted consequences. Litigants may have a myriad of legitimate reasons for noncompliance with 4(m). Indeed, the rules contemplate these situations and permit plaintiffs to seek an extension of time from the court prior to the expiration of the 120 -day period. *See* Fed. R. Civ. P. Rule 6(b)(1). Yet, Plaintiff in this case did not move for a Rule 6(b) extension of time to

enlarge the period for service until after this Court issued a show cause order.  As a result, Plaintiff's proffered reasons for noncompliance with Rule 4(m) are insufficient to withstand Defendant's 12(b)(5) motion to dismiss.

Even if *Mendez* is not good law and a finding of good cause is not required, this Court must at least find that other factors militate in favor of granting an extension.  Although Plaintiff has argued that this Court should find that his actions qualify as "excusable neglect" because Defendants were not prejudiced by the delay, this Court is not persuaded that it should exercise the discretion it may possess.  Plaintiff admits that he did not act in "good faith," but instead purposely delayed serving the Complaint on PGCM.  While dismissal might bar Plaintiff from bringing another cause of action against PGCM, this Court will grant Defendant PGCM's Motion to Dismiss.

III.  **The Motion to Dismiss with Respect to Defendant Courson**

In Plaintiff's brief in opposition to Defendants' motion to dismiss, Plaintiff intimates that Courson may have evaded service.  Generally, a defendant's evasion of service constitutes good cause for failure to comport with the requirements of Rule 4(m).  *See Henry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997) (holding that plaintiff demonstrated "good cause" where defendant evaded service); *Blessinger v. United States*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997) (same); Advisory Committee Notes to Fed. R. Civ. P. Rule 4(m) (stating "good cause" includes instances where defendant is evading service).  Even in cases where the individual defendant has not evaded service, "good cause" may exist if another defendant has impeded service on the individual defendant.  *Id.* For instance, in *Blessinger v. United States*, the plaintiff filed a § 1983 suit against the United States Coast Guard and several individuals, alleging that he sustained injuries from the acts of members of the United States Coast Guard.  *Blessinger*, 174 F.R.D. at 30.  The Coast Guard told the

*Blessinger* plaintiff to serve the individually named defendants at the First District Office, but when the plaintiff attempted to serve the complaint on the defendants, a representative of the First District Office refused service, stating that the office could not accept service on behalf of the named defendants. *Id.* The Coast Guard office gave no further guidance to the *Blessinger* plaintiff on how to proceed. *Id.* Because the plaintiff's failure to serve the complaint was due in large part to the Coast Guard's actions, the court found that the plaintiff showed good cause for his failure to serve the defendants within the 120-day time period. *Id.* at 31. The *Blessinger* court also noted that although the individual defendants did not evade service, it had "every reason to believe that the Coast Guard, the primary beneficiary of having these [d]efendants removed from the suit, did evade the service of its members with the hope of having the entire matter disposed of without having to address the merits of Plaintiff's claims." *Id.*

In contrast to his efforts to serve PGCM, Plaintiff's efforts to serve Courson could be considered reasonable and diligent. Similar to the *Blessinger* plaintiff, Plaintiff Wilson alleges that when he contacted Prince George's County Police Department, a representative of the Department gave him inaccurate information. Arguably, the Prince George's County Police Department, the primary beneficiary of having Courson removed from the suit, had an incentive to prevent the timely service of Courson. In addition, Plaintiff has provided documentation that he attempted service at Courson's putative residence unsuccessfully within the required period. These particular facts justify finding "good cause" for Plaintiff's failure to comply with Rule 4(m) and granting an extension of time for the service period. In addition, the Advisory Committee Notes speak directly to this particular issue and advise that relief may be justified if the statute of limitations would bar the refiled action. Therefore, this Court concludes that Plaintiff has shown "good cause" for his

failure to serve Defendant Courson within the 120-day service period.

## CONCLUSION

For all of the aforementioned reasons, the Court finds that Plaintiff failed to comply with the requirements of Rule 4 with respect to PGCM.  The Court also finds that although Plaintiff did not serve Courson with the Complaint within the 120-day time period, this delay was for good cause. Accordingly, the Court will GRANT Defendants' Motion to Dismiss [7] with respect to PGCM and will DENY the Motion to Dismiss with respect to Defendant Courson.  An Order consistent with this Opinion will follow.


Date:   October 3, 2005                          /s/
                                        Alexander Williams, Jr.
                                        United States District Court

11